UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Bach, | ) | C/A No: 4:13-3503-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| United State Government, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed by a pro se litigant appearing in forma pauperis. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court.

## BACKGROUND

David Bach ("Plaintiff"), a resident of Little River, South Carolina, filed a Complaint in this court alleging the Central Intelligence Agency ("CIA") or another unnamed federal agency is harassing him by placing speakers or microchip megaphones that transmit sounds everywhere he goes. Compl. 3, ECF No. 1. Plaintiff alleges such harassment has been going on for the last six or seven years. *Id*. The Complaint contains no additional facts regarding Plaintiff's claim. As relief, Plaintiff asks that this court "get to the bottom" of the alleged harassment activities of federal agencies. *Id*. at 5. The only Defendant named in the Complaint is the United States Government.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25

(1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Under this less-stringent standard of review, the pro se Complaint in this case is subject to summary dismissal.

## **DISCUSSION**

Plaintiff does not cite or refer to any specific federal cause of action as the basis for his claims in this case; however, to the extent that Plaintiff's allegations could be liberally construed as stating any claim against the United States for the personal injuries he alleges he is suffering, except for one submitted under the Federal Torts Claim ("FTCA"), the Complaint is barred by the doctrine of sovereign immunity. It is settled law that the United States government cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to suit by one of its citizens *except* under the FTCA. Also, the bar of sovereign immunity cannot be avoided by naming officers or employees of the United States such as the director of the CIA or some other federal agency head as defendants. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949).

Furthermore, to the extent that the Complaint could be liberally construed as an attempt to state a claim for personal injury caused by unknown federal agents under the FTCA, it is subject to summary dismissal for lack of allegations showing proper exhaustion of administrative remedies. Although the FTCA waives the sovereign immunity of the United States in certain situations, litigants must strictly comply with the requirements of the Act. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). An administrative claim must first be filed with the appropriate federal agency such as the CIA or whichever agency the citizen believes is causing him personal injury before a civil action in a federal district court under the FTCA may be commenced. Administrative claims under the FTCA must be filed on a "Standard Form 95," which is promulgated by the United States Department of Justice.

Plaintiff's Complaint contains no indication that he properly submitted a claim on the

Standard Form 95 to the CIA or any other federal agency.[1] Without proof of the full exhaustion of federal administrative remedies with regard to the claimed harassment activity, no plausible FTCA claim is stated upon which this court could grant any form of relief to Plaintiff. In absence of any plausible federal claim on the face of the pleading, the Complaint under review is subject to summary dismissal without prejudice and without authorization for service of process for failure of Plaintiff to prove that he exhausted administrative remedies before filing this lawsuit.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

March 7, 2014                                                                  Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] The administrative claim must be submitted in writing within two years after the claim accrues. 28 U.S.C. § 2401(b).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).